UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DARYL P. CARR,

                                Plaintiff,

    -against-

JEFFREY HOLMES and the VILLAGE OF
WALDEN, NEW YORK,

                                Defendants.

-----------------------------------------------------------X

08 CIV. 8004

ECF CASE

JUDGE ROBINSON

**COMPLAINT**

DEMANDS TRIAL BY JURY

Plaintiff, DARYL P. CARR, by his attorneys, ROBERT N. ISSEKS and ALEX SMITH, complaining of the defendants, alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned plaintiff was and remains a resident of the County of Ulster, State of New York.

2. At all times hereinafter mentioned, the defendant Village of Walden, New York was, and continues to be, a municipality located within the County of Orange and is duly organized and existing under the laws of the State of New York.

3. Upon information and belief, defendant Jeffrey Holmes ("Holmes") is an individual residing in the State of New York and, at all times mentioned herein was the Chief of the Village of Walden Police Department. Holmes is being sued in his individual and official capacities.

## NATURE OF ACTION AND JURISDICTION

4. This is a civil action seeking compensatory and punitive damages against Holmes and compensatory damages against the Village of Walden for committing acts under color of law which deprived, and continue to deprive, plaintiff of rights secured under the Fourteenth Amendment to the Constitution of the United States and under federal law, particularly Title 42 of the United States Code, Section 1983.

5. Each and all of the acts of Holmes were done by him in his individual and official capacities, under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and under the authority of his office as Chief of the Village of Walden Police Department.

6. Jurisdiction is conferred on this Court by 28 USC 1331 and 1343.

## PLAINTIFF'S STATEMENT OF CLAIMS

7. Plaintiff was an officer of the Village of Walden Police Department from December, 1984, until his retirement in February, 1995. Throughout plaintiff's employment as a police officer of the Village of Walden, he performed all of his duties and fulfilled all of his obligations in a professional, competent and exemplary manner.

8. In early 2006, plaintiff began seeking positions with police agencies in and about the State of Virginia and submitted an employment application to the Hanover, Virginia Sheriff's Department. In processing this application, Hanover officials attempted to obtain background information from the Village of Walden Police Department, but Holmes refused to cooperate with the Hanover officials and deliberately prevented them from obtaining necessary information from plaintiff's personnel file.

9. In the Fall of 2006, plaintiff submitted an employment application to the Ashland, Virginia Police Department and, again, Holmes refused to cooperate with the necessary background investigation, thereby causing plaintiff's application to be removed from consideration.

10. In the Spring of 2007, plaintiff reapplied to the Ashland Police Department and Holmes continued to refuse to cooperate with Ashland's background investigation, thereby again removing plaintiff's application from consideration.

11. In the Spring of 2008, plaintiff applied for a position with the State of Virginia Capitol Police and Holmes again refused to cooperate with the necessary background investigation, thereby requiring an official from the Virginia Capitol Police to travel to Walden to conduct his own inspection of plaintiff's personnel file.

12. Upon the aforesaid inspection by the Virginia Capitol Police, plaintiff learned that essential documents had been removed from his personnel file.

13. As Chief of the Village of Walden Police Department, Holmes has been the official responsible for the maintenance and integrity of all police officers' personnel files, including plaintiff's. By removing the aforementioned essential documents from plaintiff's personnel file, or by allowing those documents to be removed, Holmes arbitrarily and capriciously infringed upon plaintiff's due process property rights in the integrity of his personnel file.

14. All of the foregoing occurred without any fault or provocation on plaintiff's part.

15. All of the foregoing occurred in contravention of Holmes' and the Village of Walden's practice or policy to always, upon request, fully cooperate with, and provide all necessary information to the prospective employers of Village of Walden employees or former employees when such employees/former employees apply for other employment. Defendants' contravention of this standard practice or policy is without any rational basis.

16. As a result of Holmes' unconstitutional conduct as set forth above, plaintiff has been, and continues to be, unable to obtain employment positions of his choosing for which he is duly qualified and has thereby suffered, and continues to suffer, economic and emotional injury.

### A. As Against Defendant Holmes

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "16" as though fully set forth herein.

18. Holmes' conduct as set forth above has violated, and continues to violate, plaintiff's rights to equal protection and due process under the Fourteenth Amendment.

19. Holmes' unconstitutional conduct and the injuries it has caused makes Holmes liable to plaintiff for compensatory damages.

20. Holmes' unconstitutional conduct was performed maliciously, in bad faith, and with a deliberate indifference to plaintiff's constitutional rights making Holmes liable to plaintiff for punitive damages.

21. Because Holmes' unconstitutional conduct is ongoing, plaintiff will continue to suffer the injuries and damages flowing from lost employment opportunities unless this

Court issues an order enjoining such conduct's continuation and directing Holmes to fully cooperate with plaintiff's prospective employers in the future.

### B. As Against Defendant Village of Walden

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" as though fully set forth herein.

23. Holmes' unconstitutional conduct as set forth above was performed by him as a final policymaker of the Village of Walden and, as such, constitutes a Village of Walden policy of deliberate indifference to the rights of plaintiff.

24. Said policy of deliberate indifference was a proximate cause of plaintiff's losses and injuries as described above.

25. By reason of the foregoing, plaintiff is entitled to an award of compensatory damages against the Village of Walden.

26. Because the Village of Walden's unconstitutional policy is still in effect, plaintiff will continue to suffer the injuries and damages flowing from lost employment opportunities unless this Court issues an order enjoining the policy's continuation and directing the Village of Walden to fully cooperate with plaintiff's prospective employers in the future.

WHEREFORE, plaintiff asks this Court to:

A. Issue an order adjudging and declaring that the defendants' conduct violated, and continues to violate, plaintiff's rights to equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution;

B. Issue a permanent injunction perpetually enjoining and restraining the defendants from engaging in the ongoing unconstitutional conduct as described in this Complaint and directing the defendants to hereafter fully cooperate with plaintiff's prospective employers.

C. Award plaintiff compensatory damages against the defendants in amounts to be determined by the Court;

D. Award plaintiff punitive damages against defendant Holmes in an amount to be determined by the Court;

E. Award plaintiff the costs and disbursements of this action;

F. Award plaintiff reasonable attorney fees; and

G. Grant plaintiff such further and other relief as to this Court may seem just and proper.

Dated: September 15, 2008

ROBERT N. ISSEKS, ESQ. (0241)
ALEX SMITH, ESQ. (5052)
6 North Street
Middletown, New York 10940
(845) 344-4322

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DARYL P. CARR,

                Plaintiff,

  -against-                                 **VERIFICATION**

JEFFRY HOLMES and the VILLAGE OF
WALDEN, NEW YORK,

                Defendants.

------------------------------------------------------------X

      DARYL P. CARR, being duly sworn, deposes and says:

      That he is the plaintiff in the above action; that he has read the foregoing Complaint and knows the content thereof; that same is true upon his personal knowledge or upon information and belief.

                                            _____
                                                DARYL P. CARR

Sworn to before me this
10th day of ~~November, 2006~~ September 2008

_____
Notary Public

NOTARY PUBLIC, NYS
ULSTER COUNTY
01TE6061360
TINA M. TENEYCK
EXPIRES JULY 16, 2011